IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DR. DAVID D. D'ALISE, DDS**, <br><br> Plaintiff, <br><br> v. <br><br> **STRAUMANN USA, LLC, STRAUMANN MANUFACTURING, INC., and STRAUMANN HOLDING AG**, <br><br> Defendants. | Case No. 3:17-CV-1744 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

The plaintiff, Dr. David D. D'Alise, DDS ("Plaintiff" or "Dr. D'Alise"), brings this action against defendants, Straumann USA, LLC, Straumann Manufacturing, Inc., and Straumann Holding AG (collectively, "Straumann" or "Defendants") for infringement of United States Patent No. 8,277,218 ("the '218 patent") and alleges as follows:

### INTRODUCTION AND THE PARTIES

1.   Plaintiff, Dr. David D. D'Alise, DDS, resides at 1369 Wagontrain Drive SE, Albuquerque, New Mexico 87123. Dr. D'Alise graduated from the University of Illinois at Chicago College of Dentistry in 1965 where he received his Doctor of Dental Surgery (DDS) degree, and has worked as a dental surgeon since. In 1977, he founded OCO Biomedical, Inc., ("OCO Biomedical") headquartered in Albuquerque, New Mexico, which has been and continues to produce state-of-the-art dental implant solutions. While working as a dental surgeon and engaged in the business of dental implant design and manufacture, Dr. D'Alise became discontent with existing dental implants due to problems such as inadequate stabilization, insufficient

osseointegration, and undesirably prolonged healing times required for dental implants to restore oral function. Through clinical insight and medical judgment, Dr. D'Alise invented novel dental implant designs to address these problems. For example, Dr. D'Alise discovered a way to provide a blunt tip and an external thread on a dental implant such that the dental implant has enhanced biomechanical stabilization, better osseointegration, and shorter healing time. Dr. D'Alise patented these ideas and inventions in the '218 patent. Today, Dr. D'Alise and his company, OCO Biomedical (a non-exclusive licensee of the '218 patent), manufacture and sell dental implants practicing the '218 patent. *See* "Patented Implant Design," *available at* https://www.ocobiomedical.com/company-system-benefits (last visited May 30, 2017).

2. Straumann USA, LLC ("Straumann USA") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 60 Minuteman Road, Andover, Massachusetts 01810.

3. Straumann Manufacturing, Inc. ("Straumann Manufacturing") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 60 Minuteman Road, Andover, Massachusetts 01810.

4. Straumann Holding AG ("Straumann Holding") is a corporation organized and existing under the laws of the Swiss Confederation with its principal place of business located at Peter Merian-Weg 12, CH-4052 Basel, Switzerland. Upon information and belief, Straumann USA and Straumann Manufacturing are wholly-owned subsidiaries of Straumann Holding.

5. Defendants manufacture, use, sell, offer to sell, import and/or distribute dental implants in and into the United States, including, upon information and belief, in this District.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United

States Code.  The Court's jurisdiction over this action is proper under the above statute, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the State of Texas and/or have regularly conducted or solicited business in the State of Texas, including selling, offering for sale, delivering, and/or causing to be delivered their accused products in and into the State of Texas.

8. Venue is proper in this District under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b). Defendants have committed acts of infringement and have a regular and established place of business in the Northern District of Texas.  Straumann USA's website provides a list of dentists in the Northern District of Texas who use Straumann's dental implant system, reproduced in part below, and many of these dentists use the accused products.



| | |
|---|---|
| **Dr. Colin S. Bell 1**<br>4015 Worth Street<br>75246 Dallas<br>Texas<br>United States | **Contact**<br>Phone: (214) 823-5444<br>E-Mail |
| **Dr. Colin Bell**<br>8222 Douglas Avenue<br>Ste. 890<br>75225 Dallas<br>Texas<br>United States | **Contact**<br>Phone: (214) 363-6040 |
| **Dr. Ron Stukalin**<br>5925 Forest Lane<br>Suite 318<br>75230 Dallas<br>Texas<br>United States | **Contact**<br>Phone: (972) 490-4881<br>E-Mail |
| **Dr. Thomas Wilson**<br>5465 Blair Road<br>Suite 200<br>75231 Dallas<br>Texas<br>United States | **Contact**<br>Phone: (214) 691-2404<br>E-Mail |
| **Charles F. Orth, DDS, PA**<br>6380 LBJ Freeway<br>Suite 199<br>75240 Dallas<br>Texas<br>United States | **Contact**<br>Phone: (972) 991-9891<br>E-Mail |
| **Oral Surgery Associates of North Texas**<br>9000 Lakeview Parkway<br>75088 Rowlett<br>Texas<br>United States | **Contact**<br>Phone: (972) 463-9733<br>E-Mail |

"Find a Straumann Dentist," available at http://www.straumann.us/en/patients/dentist-finder.html (last visited May 30, 2017). Upon information and belief, Defendants have sold, offered for sale, delivered, and/or caused to be delivered their accused products to dentists in the Northern District of Texas. *See, e.g.*, Oral Surgery Associates of North Texas website, available at http://www.northtexasoralsurgery.com/ and Northern Texas Facial & Oral Surgery website,

4

available at https://ntfos.org/. Further, Defendants have a regular and established place of business in the Northern District of Texas as they operate an approximately 27,000-square-foot production facility in Arlington, Texas, as shown below.



"Worldwide locations," available at http://www.arlington-tx.gov/news/2016/04/29/straumann-global-leader-in-dental-prosthetics-doubles-its-arlington-production-site/ (last visited May 30,

5

2017).



City of Arlington press release, available at http://www.arlington-tx.gov/news/2016/04/29/straumann-global-leader-in-dental-prosthetics-doubles-its-arlington-production-site/ (last visited May 30, 2017). Thus, venue is proper in the Northern District of Texas.

## PATENT-IN-SUIT

9. Plaintiff is the owner of all rights, title, and interest in U.S. Patent No. 8,277,218, including the sole right to sue for infringement and damages under the '218 patent. The '218 patent, entitled "Screw-Type Dental Implant," was filed on October 20, 2005 and issued October 2, 2012. All maintenance fees have been paid for the '218 patent. A true and correct copy of the '218 patent is attached hereto as Exhibit A.

10. The '218 patent is valid and enforceable.

11. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '218 patent.

## COUNT ONE

### (INFRINGEMENT OF THE '218 PATENT)

12. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 11 above as if fully set forth herein.

13. Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '218 patent by making, using, offering for sale, selling, and/or importing in and into the United States, without authority, dental implants that practice one or more claims of the '218 patent in violation of 35 U.S.C. § 271(a), including but not limited to Straumann Bone Level Tapered ("Straumann BLT") Implants.

14. Claim 9 of the '218 patent recites a dental implant that includes a body portion having at least one external thread and an apical end including a blunt non-cutting tip, the at least one external thread beginning at or near the apical end and adapted to pull upon and condense the bone around the tip. The '218 patent discloses that the blunt tip may be, for example, a "flat tip" or be "convex in shape." '218 patent at 5:18–21. According to the '218 patent, the external

threads, responsive to turning of the dental implant placed in a hole formed in a patient's jaw bone, are adapted to "pull up the surrounding bone, thus condensing the surrounding bone at apical end 15 of implant 11." *Id.* at 7:18–26. When the blunt tip is touching the bottom of the hole and the dental implant is turned, the external threads engage and push the dental implant downwards; the blunt tip does not cut further down into the bone but instead presses on the bottom of the hole such that the external threads pull upon and condense the surrounding bone around the tip, for example. *Id*. A non-limiting exemplary embodiment is shown in FIG. 1 of the '218 patent:



FIG.1

15. Claim 10 of the '218 patent recites a dental implant in which the at least one external thread includes an auger thread. The '218 patent indicates that an auger thread has a lead edge 32, for example. *Id.* at 7:1–9 ("Lead edge 32 of external threads 14 is depicted and clearly shows the auger-like aspect. Rather than collapsing to a screw point as is typical in other dental implants, external threads 14 begin with abrupt lead edge 32").

16. Claim 11 of the '218 patent recites a dental implant in which the at least one external thread includes a leading edge at the apical end. The '218 patent discloses that auger-like external threads having a leading edge are further adapted to pull upon and condense the bone around the

8

tip because the leading edge is adapted to engage the "medullar bone 41 in the jaw" and assist "external threads 14 in engaging the greater portion of bone near the bottom of the osteotomy hole," for example. *Id.* at 7:26–43. An exemplary auger thread 14 and leading edges 32 are shown in a bottom view of a non-limiting exemplary embodiment in FIG. 6 of the '218 patent:



17.     Defendants have infringed at least claims 9–12 of the '218 patent.

18.     With respect to claim 9 of the '218 patent, each accused dental implant, including but not limited to Straumann BLT, include a body portion and an apical end as shown by a figure of Straumann BLT available on Straumann's website, reproduced below:



"Basic Information on Surgical Procedures for the Straumann Bone Level Tapered Implant" at 2,

9

available at http://www.straumann.us/content/dam/internet/straumann_us/resources/brochurecatalogue/brochures/en/NAMLIT.1043.Bone.Level.Tapered.Step.by.Step.Guide.pdf (last visited May 30, 2017). As shown above, the body portion of each accused dental implant has at least one external thread. Further, the apical end of each accused dental implant includes a blunt non-cutting tip. On information and belief and as depicted in Straumann's figures reproduced above, the at least one external thread of each accused dental implant begins at or near the apical end and is adapted to pull upon and condense the bone around the tip. Responsive to turning an accused dental implant, the at least one external thread will pull up the surrounding bone and, thus, condense the surrounding bone at the tip. Thus, the accused dental implants, including but not limited to Straumann BLT, infringe claim 9 of the '218 patent.

19.   With respect to claim 10 of the '218 patent, on information and belief and as shown by a figure of Straumann BLT available on Straumann's website, reproduced below, the at least one external thread of Straumann BLT includes an auger thread.



*Id.* at 3 (annotations added).

On information and belief, the external thread including such auger thread is further adapted to pull upon and condense the bone around the tip. Thus, the accused dental implants, including but not limited to Straumann BLT, infringe claim 10 of the '218 patent.

20. With respect to claim 11 of the '218 patent, on information and belief and as depicted by the figure of Straumann BLT reproduced in paragraph 19 above, Straumann BLT's at least one external thread includes an outer edge and an outer diameter greater than an inner diameter for the length of the thread such that the depth of the at least one external thread remains generally constant for the length of the at least one external thread. Further, the at least one external thread has a leading edge at the apical end that is distinguishable from the outer edge, as can be seen in the figure of Straumann BLT reproduced in paragraph 19, above. On information and belief, the external thread including such leading edge is further adapted to pull upon and condense the bone around the tip. Thus, the accused dental implants, including but not limited to Straumann BLT, infringe claim 11 of the '218 patent.

21. With respect to claim 12 of the '218 patent, on information and belief and as depicted by the figures of the accused dental implants reproduced in paragraphs 18 and 19 above, the blunt tip of each accused dental implant extends a small distance beyond the at least one external thread. Thus, the accused dental implants, including but not limited to Straumann BLT, infringe claim 12 of the '218 patent.

22. Straumann's infringement of the '218 patent has been and continues to be willful, and Straumann's conduct renders this case exceptional under 35 U.S.C. § 285. In particular, the pre-issuance publication of the '218 patent, U.S. Publication No. 2007/0298379 ("'218 Publication"), was disclosed and cited to Straumann by the U.S. Patent & Trademark Office

("PTO") during prosecution of a patent application filed by Defendants.

23. On October 23, 2007, Straumann Holding filed with the PTO its U.S. Patent Application No. 11/876,892 ("Straumann Application") entitled "Dental Implant for Supporting a Dental Prosthesis." On June 18, 2009, the PTO mailed an office action rejecting all pending claims of the Straumann Application under 35 U.S.C. § 103(a) as being unpatentable in view of the '218 Publication and additional prior art references. On October 19, 2009, Straumann Holding filed a response with the PTO that referenced and thus acknowledged awareness of the '218 Publication. Straumann Holding eventually abandoned the Straumann Application, as the PTO mailed a Notice of Abandonment on April 13, 2011 stating "[a]bandonment verified by Ms. Therese Hendricks [Straumann Holding's representative] via telephone on 7 April 2011."

24. Straumann therefore had knowledge of the patent application that led to the '218 patent at least as early as June 18, 2009, or October 19, 2009. On this basis, and upon information and belief, Straumann had knowledge of the '218 patent when it issued on October 2, 2012, and no later than the filing of this Complaint.

25. Additional allegations regarding Straumann's knowledge of the '218 patent and willful infringement will likely have further evidentiary support after a reasonable opportunity for discovery.

26. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

27. Defendants have at no time, either expressly or impliedly, been licensed under the '218 patent.

28. Plaintiff has no adequate remedy at law against Defendants' acts of patent infringement. Unless Defendants are permanently enjoined from further infringement of the '218

patent, Plaintiff will suffer irreparable harm.

29. As a direct and proximate result of Defendants' acts of infringement of the '218 patent, Plaintiff has been and continues to be injured, and has sustained and will continue to sustain substantial damages. Under 35 U.S.C. § 281, Plaintiff shall have a remedy for Defendants' infringement of the '218 patent by virtue of this lawsuit, and shall be entitled to an award of damages adequate to compensate for Defendants' infringement of the '218 patent, but in no event less than a reasonable royalty for the use and/or sale of Plaintiff's invention by the Defendants, together with interest and cost as fixed by the Court under 35 U.S.C. § 284.

30. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute demonstrate an exceptional case within the meaning of 35 U.S.C. § 285, and therefore, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## **REQUEST FOR RELIEF**

Plaintiff, Dr. David D. D'Alise, DDS, respectfully requests that judgment be entered in his favor against Defendants, Straumann USA, LLC, Straumann Manufacturing, Inc., and Straumann Holding AG, and respectfully requests that this Court grant the following relief:

a) Enter judgment for Plaintiff on the Complaint and all causes of action asserted herein, including that Defendants have infringed the '218 patent;

b) Enjoin and restrain Defendants and their agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing the '218 patent;

c) Award Plaintiff actual damages, not less than a reasonable royalty, resulting from Defendants' infringement of the '218 patent, in accordance with 35 U.S.C. § 284, including costs

and pre- and post-judgment interest and reasonable attorneys' fees as allowed by law;

   d)  Treble damages by virtue of the deliberate and willful nature of Defendant's infringement of the '218 patent, in accordance with 35 U.S.C. § 284;

   e)  Declare this case to be an exceptional case within the meaning of 35 U.S.C. § 285 and award Plaintiff David D. D'Alise the expenses, costs, and attorneys' fees that he incurs prosecuting this action; and

   f)  Award Plaintiff such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial of all issues properly triable to a jury in this case pursuant to Fed. R. Civ. P. 38(b).

Dated: June 30, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Steve Madison (*pro hac vice* to be filed)
  (CA State Bar No. 101006)
Joseph M. Paunovich (*pro hac vice* to be filed)
  (CA State Bar No. 228222)
Iman Lordgooei (*pro hac vice* to be filed)
  (CA State Bar No. 251320)
Michael Yoo (*pro hac vice* to be filed)
  (CA State Bar No. 294394)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100
  stevemadison@quinnemanuel.com
  joepaunovich@quinnemanuel.com
  imanlordgooei@quinnemanuel.com
  michaelyoo@quinnemanuel.com

CHARHON CALLAHAN
ROBSON & GARZA, PLLC

/s/ Steven Callahan

Steven Callahan
  (TX State Bar No. 24053122)
Anthony M. Garza
  (TX State Bar No. 24050644)
3333 Lee Parkway, Suite 460
Dallas, TX 75219
Telephone: (214) 521-6400
Facsimile:  (214) 764-8392
  scallahan@ccrglaw.com
  agarza@ccrglaw.com

Attorneys for Plaintiff Dr. David D. D'Alise